UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER A. SIKES, JOEL A. BARNES, ADAM CORCORAN, JOSHUA M. KIRK, MICHAEL J. MASER, and JASON R. SPROUSE<br>    Plaintiffs | :<br>: CIVIL ACTION NO.:<br>:<br>:<br>:<br>: |
| v. | :<br>: |
| NORTHEAST LIGHTNING PROTECTION, LLC; JAMES G. BARNARD and JOHN L. BARNARD JR.<br>**Defendants** | :<br>:<br>:<br>: APRIL 15, 2014 |

## COMPLAINT

### I.   INTRODUCTION

1.     This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of Defendants' failure to pay overtime compensation to Plaintiffs, in violation of federal and state wage and hour laws.

2.     Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA").

3.     In addition, Plaintiffs bring this action under the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. §31-58 *et seq.*

### II.   THE PARTIES

4.     Plaintiff, Christopher A. Sikes ("Sikes" or "Plaintiff Sikes"), is an individual who at all times relevant to this Complaint resided in Suffield, Connecticut.  At all times relevant to this Complaint, Sikes was employed by Defendant, Northeast Lightning Protection, LLC.

5. Plaintiff, Joel A. Barnes ("Barnes" or "Plaintiff Barnes"), is an individual who at all times relevant to this Complaint resided in East Windsor, Connecticut. At all times relevant to this Complaint, Barnes was employed by Defendant, Northeast Lightning Protection, LLC.

6. Plaintiff, Adam Corcoran ("Corcoran" or "Plaintiff Corcoran"), is an individual who at all times relevant to this Complaint resided in East Windsor, Connecticut. At all times relevant to this Complaint, Corcoran was employed by Defendant, Northeast Lightning Protection, LLC.

7. Plaintiff, Joshua M. Kirk ("Kirk" or "Plaintiff Kirk"), is an individual who at all times relevant to this Complaint resided in Bristol, Connecticut. At all times relevant to this Complaint, Kirk was employed by Defendant, Northeast Lightning Protection, LLC.

8. Plaintiff, Michael J. Maser ("Maser" or "Plaintiff Maser"), is an individual who at all times relevant to this Complaint resided in Glastonbury, Connecticut. At all times relevant to this Complaint, Maser was employed by Defendant, Northeast Lightning Protection, LLC.

9. Plaintiff, Jason R. Sprouse ("Sprouse" or "Plaintiff Sprouse"), is an individual who at all times relevant to this Complaint resided in Granby, Connecticut. At all times relevant to this Complaint, Sprouse was employed by Defendant, Northeast Lightning Protection, LLC.

10. Plaintiff Sikes, Plaintiff Barnes, Plaintiff Corcoran, Plaintiff Kirk, Plaintiff Maser, and Plaintiff Sprouse are collectively referred to herein as "Plaintiffs."

11. Defendant Northeast Lightning Protection LLC ("NLP" or "Defendant NLP"), is a Wyoming limited liability company whose principal place of business is 10 Peters Road, Bloomfield, CT  06002. Defendant NLP transacts business in the State of Connecticut and is an employer engaged in interstate commerce as that term is defined under the FLSA.

12. Defendant James G. Barnard ("James Barnard" or "Defendant James Barnard") is an individual residing in Connecticut. He transacts business within the State of Connecticut, specifically by owning and operating Defendant NLP, selling services to Connecticut businesses and by hiring employees like the Plaintiffs.

13. Defendant John L. Barnard, Jr. ("John Barnard" or "Defendant John Barnard") is an individual residing in Connecticut. He transacts business within the State of Connecticut, specifically by owning and operating Defendant NLP, selling services to Connecticut businesses and by hiring employees like the Plaintiffs.

14. Defendant James Barnard has, at all relevant times, been a joint employer along with Defendant NLP in part because, directly or indirectly, James Barnard implemented and directed Defendant NLP's payroll practices and policies and controlled Plaintiffs' work conditions.

15. Defendant John Barnard has, at all relevant times, been a joint employer along with Defendant NLP in part because, directly or indirectly, John Barnard implemented and directed Defendant NLP's payroll practices and policies, and controlled Plaintiffs' work conditions.

16. Defendant NLP, Defendant James Barnard, and Defendant John Barnard are collectively referred to as "Defendants."

### III. JURISDICTION AND VENUE

17. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.

18.     This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 since they are so related to their FLSA claims that they form part of the same case or controversy.

19.     Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) because the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

## IV.   STATEMENT OF FACTS

20.     Plaintiff Sikes commenced his employment with Defendant NLP and/or its predecessor in interest in 1998. At all times relevant to this complaint Plaintiff Sikes has been employed as an installer and/or foreman.

21.     Plaintiff Barnes commenced his employment with Defendant NLP and/or its predecessor in interest in 1995. At all times relevant to this complaint Plaintiff Barnes has been employed as an installer and/or foreman.

22.     Plaintiff Corcoran commenced his employment with Defendant NLP in October of 2011. At all times relevant to this complaint Plaintiff Corcoran has been employed as an installer.

23.     Plaintiff Kirk commenced his employment with Defendant NLP in April of 2013. At all times relevant to this complaint Plaintiff Kirk has been employed as an installer.

24.     Plaintiff Maser commenced his employment with Defendant NLP and/or its predecessor in interest in 2000. At all times relevant to this complaint Plaintiff Maser has been employed as an installer and/or foreman.

25.     Plaintiff Sprouse commenced his employment with Defendant NLP in August of 2008. At all times relevant to this complaint Plaintiff Sprouse has been employed as an installer.

4

26. At times during the course of their employment with Defendants, Plaintiffs were classified as non-exempt employees within the meaning of the FLSA and CMWA in that they were non-salaried employees who were compensated at an hourly rate.

27. As part of their job duties and responsibilities, Plaintiffs—at all relevant times—were required to report to work each weekday morning at Defendants' Bloomfield, CT facility, whereupon they would "punch in" to Defendants' time keeping system, after which they would be given work assignments. After receiving their work assignments, Plaintiffs were dispatched in company-owned vehicles to install Defendants' products at various customer locations in New England, New York, and, less frequently, in New Jersey and Pennsylvania.

28. Plaintiffs consistently work in excess of ten hours per day, and oftentimes as much as 12 to 14 hours per day.

29. Over the course of the last three years prior to the filing of this Complaint, Defendants have made unlawful deductions for travel time incurred by Plaintiffs during their return to the Bloomfield CT facility each evening after completing their installations.

30. Specifically, Defendant has deducted from Plaintiffs' time records up to two hours of time spent by Plaintiffs each day during their return travel from customer work locations, thereby treating that time as non-compensable.

31. Said practice of deducting time from Plaintiffs' payroll records is a violation of the CMWA and the FLSA, and this practice has deprived Plaintiffs of significant overtime compensation.

## V. LEGAL CLAIMS

### COUNT ONE: VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 *et seq.* ON BEHALF OF PLAINTIFF SIKES AGAINST DEFENDANTS NLP, JAMES BARNARD AND JOHN BARNARD.

32. Defendants have failed to pay Plaintiff Sikes proper overtime compensation for all hours worked in excess of forty hours per week in violation of the FLSA, 29 U.S.C. §§ 201-2. Defendants' conduct in this regard was a willful violation of the FLSA in that Defendants acted with conscious disregard for the fact that its policy of deducting travel time from Plaintiff Sikes' time sheets was a violation of the FLSA and deprived Plaintiff Sikes of substantial overtime compensation to which he was entitled.

33. As a result of Defendants' unlawful acts, Plaintiff Sikes has been, and is being, deprived of earned wages in amounts to be determined at trial. He is entitled to recover all compensatory damages for unpaid overtime, liquidated damages, interest, attorneys' fees, costs, and all other remedies available at law or in equity.

### COUNT TWO: FAILURE TO PAY WAGES AND OVERTIME IN VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT BY PLAINTIFF SIKES AGAINST DEFENDANTS NLP, JAMES BARNARD AND JOHN BARNARD.

34. Defendants, for all of the specific reasons stated above, including but not limited to the allegations articulated in Count One, have failed to pay Plaintiff Sikes proper overtime compensation for hours worked in excess of forty per week in violation of the CMWA.

35. Defendants have a policy and practice of failing and refusing to pay Plaintiff Sikes overtime compensation for all hours worked in violation of the CMWA, C.G.S. § 31-58 *et seq.*

36. Defendants' conduct in this regard was unreasonable, arbitrary and/or in bad faith.

37.     As a result of Defendants' unlawful acts, Plaintiff Sikes is being deprived of earned wages in amounts to be determined at trial. Plaintiff Sikes is entitled to unpaid overtime compensation.

**COUNT THREE:    VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 *et seq.* ON BEHALF OF PLAINTIFF BARNES AGAINST DEFENDANTS NLP, JAMES BARNARD AND JOHN BARNARD.**

38.     Defendants have failed to pay Plaintiff Barnes proper overtime compensation for all hours worked in excess of forty hours per week in violation of the FLSA, 29 U.S.C. §§ 201-2. Defendants' conduct in this regard was a willful violation of the FLSA in that Defendants acted with conscious disregard for the fact that its policy of deducting travel time from Plaintiff Barnes' time sheets was a violation of the FLSA and deprived Plaintiff Barnes of substantial overtime compensation to which he was entitled.

39.     As a result of Defendants' unlawful acts, Plaintiff Barnes has been, and is being, deprived of earned wages in amounts to be determined at trial. He is entitled to recover all compensatory damages for unpaid overtime, liquidated damages, interest, attorneys' fees, costs, and all other remedies available at law or in equity.

**COUNT FOUR:    FAILURE TO PAY WAGES AND OVERTIME IN VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT BY PLAINTIFF BARNES AGAINST DEFENDANTS NLP, JAMES BARNARD AND JOHN BARNARD.**

40.     Defendants, for all of the specific reasons stated above, including but not limited to the allegations articulated in Count One, have failed to pay Plaintiff Barnes proper overtime compensation for hours worked in excess of forty per week in violation of the CMWA.

41.     Defendants have a policy and practice of failing and refusing to pay Plaintiff Barnes overtime compensation for all hours worked in violation of the CMWA, C.G.S. § 31-58 *et seq.*

42.     Defendants' conduct in this regard was unreasonable, arbitrary and/or in bad faith.

43.     As a result of Defendants' unlawful acts, Plaintiff Barnes is being deprived of earned wages in amounts to be determined at trial. Plaintiff Barnes is entitled to unpaid overtime compensation.

**COUNT FIVE:**     **VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 *et seq.* ON BEHALF OF PLAINTIFF CORCORAN AGAINST DEFENDANTS NLP, JAMES BARNARD AND JOHN BARNARD.**

44.     Defendants have failed to pay Plaintiff Corcoran proper overtime compensation for all hours worked in excess of forty hours per week in violation of the FLSA, 29 U.S.C. §§ 201-2. Defendants' conduct in this regard was a willful violation of the FLSA in that Defendants acted with conscious disregard for the fact that its policy of deducting travel time from Plaintiff Corcoran's time sheets was a violation of the FLSA and deprived Plaintiff Corcoran of substantial overtime compensation to which he was entitled.

45.     As a result of Defendants' unlawful acts, Plaintiff Corcoran has been, and is being, deprived of earned wages in amounts to be determined at trial. He is entitled to recover all compensatory damages for unpaid overtime, liquidated damages, interest, attorneys' fees, costs, and all other remedies available at law or in equity.

**COUNT SIX:** **FAILURE TO PAY WAGES AND OVERTIME IN VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT BY PLAINTIFF CORCORAN AGAINST DEFENDANTS NLP, JAMES BARNARD AND JOHN BARNARD.**

46. Defendants, for all of the specific reasons stated above, including but not limited to the allegations articulated in Count One, have failed to pay Plaintiff Corcoran proper overtime compensation for hours worked in excess of forty per week in violation of the CMWA.

47. Defendants have a policy and practice of failing and refusing to pay Plaintiff Corcoran overtime compensation for all hours worked in violation of the CMWA, C.G.S. § 31-58 *et seq.*

48. Defendants' conduct in this regard was unreasonable, arbitrary and/or in bad faith.

49. As a result of Defendants' unlawful acts, Plaintiff Corcoran is being deprived of earned wages in amounts to be determined at trial. Plaintiff Corcoran is entitled to unpaid overtime compensation.

**COUNT SEVEN:** **VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 *et seq.* ON BEHALF OF PLAINTIFF KIRK AGAINST DEFENDANTS NLP, JAMES BARNARD AND JOHN BARNARD.**

50. Defendants have failed to pay Plaintiff Kirk proper overtime compensation for all hours worked in excess of forty hours per week in violation of the FLSA, 29 U.S.C. §§ 201-2. Defendants' conduct in this regard was a willful violation of the FLSA in that Defendants acted with conscious disregard for the fact that its policy of deducting travel time from Plaintiff Kirk's time sheets was a violation of the FLSA and deprived Plaintiff Kirk of substantial overtime compensation to which he was entitled.

51. As a result of Defendants' unlawful acts, Plaintiff Kirk has been, and is being, deprived of earned wages in amounts to be determined at trial. He is entitled to recover all

compensatory damages for unpaid overtime, liquidated damages, interest, attorneys' fees, costs, and all other remedies available at law or in equity.

**COUNT EIGHT:** **FAILURE TO PAY WAGES AND OVERTIME IN VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT BY PLAINTIFF KIRK AGAINST DEFENDANTS NLP, JAMES BARNARD, AND JOHN BARNARD.**

52. Defendants, for all of the specific reasons stated above, including but not limited to the allegations articulated in Count One, have failed to pay Plaintiff Kirk proper overtime compensation for hours worked in excess of forty per week in violation of the CMWA.

53. Defendants have a policy and practice of failing and refusing to pay Plaintiff Kirk overtime compensation for all hours worked in violation of the CMWA, C.G.S. § 31-58 *et seq.*

54. Defendants' conduct in this regard was unreasonable, arbitrary and/or in bad faith.

55. As a result of Defendants' unlawful acts, Plaintiff Kirk is being deprived of earned wages in amounts to be determined at trial. Plaintiff Kirk is entitled to unpaid overtime compensation.

**COUNT NINE:** **VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 *et seq.* ON BEHALF OF PLAINTIFF MASER AGAINST DEFENDANTS NLP, JAMES BARNARD AND JOHN BARNARD.**

56. Defendants have failed to pay Plaintiff Maser proper overtime compensation for all hours worked in excess of forty hours per week in violation of the FLSA, 29 U.S.C. §§ 201-2. Defendants' conduct in this regard was a willful violation of the FLSA in that Defendants acted with conscious disregard for the fact that its policy of deducting travel time from Plaintiff Maser's time sheets was a violation of the FLSA and deprived Plaintiff Maser of substantial overtime compensation to which he was entitled.

57. As a result of Defendants' unlawful acts, Plaintiff Maser has been, and is being, deprived of earned wages in amounts to be determined at trial. He is entitled to recover all compensatory damages for unpaid overtime, liquidated damages, interest, attorneys' fees, costs, and all other remedies available at law or in equity.

### COUNT TEN: FAILURE TO PAY WAGES AND OVERTIME IN VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT BY PLAINTIFF MASER AGAINST DEFENDANTS NLP, JAMES BARNARD AND JOHN BARNARD.

58. Defendants, for all of the specific reasons stated above, including but not limited to the allegations articulated in Count One, have failed to pay Plaintiff Maser proper overtime compensation for hours worked in excess of forty per week in violation of the CMWA.

59. Defendants have a policy and practice of failing and refusing to pay Plaintiff Maser overtime compensation for all hours worked in violation of the CMWA, C.G.S. § 31-58 *et seq*.

60. Defendants' conduct in this regard was unreasonable, arbitrary and/or in bad faith.

61. As a result of Defendants' unlawful acts, Plaintiff Maser is being deprived of earned wages in amounts to be determined at trial. Plaintiff Maser is entitled to unpaid overtime compensation.

### COUNT ELEVEN: VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 *et seq*. ON BEHALF OF PLAINTIFF SPROUSE AGAINST DEFENDANTS NLP, JAMES BARNARD AND JOHN BARNARD.

62. Defendants have failed to pay Plaintiff Sprouse proper overtime compensation for all hours worked in excess of forty hours per week in violation of the FLSA, 29 U.S.C. §§ 201-2. Defendants' conduct in this regard was a willful violation of the FLSA in that Defendants acted with conscious disregard for the fact that its policy of deducting travel time from Plaintiff

Sprouse's time sheets was a violation of the FLSA and deprived Plaintiff Sprouse of substantial overtime compensation to which he was entitled.

63. As a result of Defendants' unlawful acts, Plaintiff Sprouse has been, and is being, deprived of earned wages in amounts to be determined at trial. He is entitled to recover all compensatory damages for unpaid overtime, liquidated damages, interest, attorneys' fees, costs, and all other remedies available at law or in equity.

**COUNT TWELVE: FAILURE TO PAY WAGES AND OVERTIME IN VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT BY PLAINTIFF SIKES AGAINST DEFENDANTS NLP, JAMES BARNARD AND JOHN BARNARD.**

64. Defendants, for all of the specific reasons stated above, including but not limited to the allegations articulated in Count One, have failed to pay Plaintiff Sprouse proper overtime compensation for hours worked in excess of forty per week in violation of the CMWA.

65. Defendants have a policy and practice of failing and refusing to pay Plaintiff Sprouse overtime compensation for all hours worked in violation of the CMWA, C.G.S. § 31-58 *et seq.*

66. Defendants' conduct in this regard was unreasonable, arbitrary and/or in bad faith.

67. As a result of Defendants' unlawful acts, Plaintiff Sprouse is being deprived of earned wages in amounts to be determined at trial. Plaintiff Sprouse is entitled to unpaid overtime compensation.

**DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiffs claim:

1. Unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

2. Unpaid overtime wages under the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58, *et seq.*;

3. Liquidated damages under the Fair Labor Standards At, 29 U.S.C.§ 201 *et seq.*;

4. Liquidated damages under the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq.*;

5. Interest;

6. Costs;

7. Statutory and/or common law attorneys' fees; and

8. Such other relief as in law or equity may pertain.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury.

> Plaintiffs, Christopher A. Sikes, Joel A. Barnes, Adam Corcoran, Joshua M. Kirk, Michael J. Maser, Jason R. Sprouse
>
> By: _____
> William G. Madsen (ct09853)
> Madsen, Prestley & Parenteau, LLC
> 402 Asylum Street, Hartford, CT 06103
> Tel.: (860) 246-2466  Fax: (860) 246-1794
> wmadsen@mppjustice.com
> Attorney for Plaintiffs